IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**ROBERT THOMAS JOHNSTON,**

    Plaintiff,

v.

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

    Defendant.

CIVIL ACTION NO.: 1:17-CV-15
(KEELEY)

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

This case arises from the denial of Plaintiff Robert Thomas Johnston's ("Plaintiff") Title II application for disability and disability insurance benefits ("DIB"). After Plaintiff's application proceeded through the administrative process, a United States Administrative Law Judge ("the ALJ") concluded that Plaintiff was disabled but was subsequently capable of working because of an improved medical condition. Although Plaintiff seeks judicial review of the ALJ's decision, Defendant Nancy A. Berryhill ("Defendant" or "the Commissioner") moves to dismiss Plaintiff's Complaint as untimely. Because (1) Plaintiff did not file his Complaint within sixty days of receiving the Notice of Appeals Council Action denying his request to review the ALJ's decision and (2) no good cause exists to toll the sixty-day statute of limitations, the undersigned recommends that Plaintiff's Motion for Summary Judgment be denied and Defendant's Motion to Dismiss be granted.

## II. PROCEDURAL HISTORY

On November 7, 2013, Plaintiff filed a claim for DIB, alleging that his disability began on September 1, 2012. Mot. to Dismiss, ECF No. 29-2 at 10. Plaintiff's claims were denied initially and on reconsideration. Id. After these denials, Plaintiff filed a written request for a hearing before an ALJ. Id. On April 22, 2016, a hearing was held by videoconference before the ALJ who presided from Chicago, Illinois. R. 20, 40. Plaintiff, represented by counsel Harry Brenner, Esq., and Jacquelyn D. Schabacker, an impartial vocational expert, appeared in Atlanta, Georgia. Id. Approximately four months later, the ALJ issued a decision concluding that Plaintiff was disabled within the meaning of the Social Security Act but a medical improvement allowed him to subsequently return to work. Id. at 9–22. On November 2, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Id. at 28–30.

On February 3, 2017, Plaintiff filed a *pro se* Complaint in this Court to obtain judicial review of the Commissioner's final decision pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) (2015). Compl., ECF No. 1. After service of process was finally effectuated, Plaintiff filed his Motion for Summary Judgment with supporting memorandum and documentation. Mot. for Summ. J., ECF No. 23. Soon thereafter, Defendant, through counsel Helen Campbell Altmeyer, Assistant United States Attorney, filed her Motion to Dismiss Plaintiff's Complaint as untimely. Mot. to Dismiss, ECF No. 29. That same day, the Court issued an Order and Roseboro Notice notifying Plaintiff of his right and obligation to file a response to Defendant's Motion to Dismiss, explaining why this matter should not be dismissed as

untimely. Order and Roseboro Notice, ECF No. 31 at 1, 3. Plaintiff filed his *pro se* Response to Defendant's Motion to Dismiss, as directed, on December 12, 2017. Resp. to Mot. to Dismiss, ECF No. 34.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Civil Procedure 9.02(a). Having reviewed the parties' motions, the undersigned now issues the following Report and Recommendation.

### III.   DISCUSSION

**A.   Legal Standard**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[2] Id. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] When considering a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. Further, "court[s] evaluate[] the complaint in its entirety, as well as documents attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted); see also Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999) (stating that "a court may consider [a document outside the complaint] in determining whether to dismiss the complaint" where the document "was integral to and explicitly relied on in the complaint" and there was no authenticity challenge).

[2] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

alleged." Id. (citing Twombly, 550 U.S. at 556). "Additionally, 'although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished."'" Miller v. Colvin, No. CIV-16-26-M, 2016 WL 7670056, at *1 (W.D. Okla. Nov. 30, 2016) (citations omitted), adopted, 2017 WL 95388 (W.D. Okla. Jan. 10, 2017); see also United States v. Kivanc, 714 F.3d 782, 789 (4th Cir. 2013) ("The statute of limitations is an affirmative defense that may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim." (citing Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005))).

**B.     Contentions of the Parties**

In her motion to dismiss, Defendant argues that Plaintiff's Complaint should be dismissed because it was not filed within sixty days of receiving the Notice of Appeals Council Action denying Plaintiff's request for review. ECF No. 29-1 at 2–4. Specifically, Defendant argues that the Appeal Council denied Plaintiff's request for review on November 2, 2016, which Plaintiff presumptively received (within five days) on November 7, 2016. Id. Therefore, Plaintiff was required to file his Complaint by January 6, 2017, sixty days later. Id. at 4. Because Plaintiff did not file his Complaint until February 3, 2017, Defendant argues that Plaintiff's Complaint is time barred by the sixty-day statute of limitations. Further, Defendant argues that no circumstances exist that would justify equitable tolling of the statute of limitations. Id. at 4–5.

In response, Plaintiff first directs the Court's attention to a number of documents that were not considered by the ALJ. ECF No. 34 at 1. Second, Plaintiff does not dispute the late filing in this case. See id. at 1–2. Instead, Plaintiff effectively argues that

the sixty-day statute of limitations should be equitably tolled because he was out of the country from September to December 2016. Id. The undersigned addresses each argument, in turn, below.[3]

### C.     Plaintiff's Complaint is Timed Barred By the Applicable Statute of Limitations

"An individual seeking judicial review of the Commissioner's final decision denying his or her application for disability benefits 'may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him [or her] of such decision or within such further time as the Commissioner of Social Security may allow.'" Myers v. Berryhill, No. 4:17cv00028, 2017 WL 6568002, at *1 (W.D. Va. Nov. 28, 2017) (quoting 42 U.S.C. § 405(g)). "The Commissioner's regulations automatically 'extend the filing deadline to sixty days after the individual's receipt of the notice' and provide that the agency will assume 'the notice is received five days after the date on which the notice was mailed, unless a claimant can make "a reasonable showing to the contrary."'" Id. (quoting Reeves v. Colvin, No. 6:12cv27, 2014 WL 2573049, at *2 (W.D. Va. June 9, 2014) (quoting 20 C.F.R. § 422.210(c))). "Additionally, the Commissioner must extend the limitations period if the claimant submits a written request and shows 'good cause' for 'why the action was not filed within the stated time period.'" Id. (quoting 20 C.F.R. § 404.982).

"The filing period in § 405(g) is a nonjurisdictional statute of limitations." Id. (citing Bowen v. City of N.Y., 476 U.S. 467, 479 (1986)); see also Hyatt v. Heckler, 807 F.2d

---

[3] The undersigned will not, however, address the documents that Plaintiff argues were not considered by the ALJ because they are not relevant to whether Plaintiff filed his Complaint within the applicable statute of limitations or whether good cause exists to toll said statute of limitations. Again, a motion to dismiss under Rule 12(b)(6) "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Martin, 980 F.2d at 952 (emphasis added) (citing Wright & Miller, supra, § 1356).

376, 378 (4th Cir. 1986) (recognizing same). As such, the sixty-day statute of limitations at issue here is subject to equitable tolling.[4] See Bowen, 476 U.S. at 478–82; Hyatt, 807 F.2d at 378 (recognizing same). "However, equitable tolling requires a showing of both extraordinary circumstances and due diligence." Johnson v. Astrue, No. 3:09–CV–46, 2010 WL 2365527, at *3 (N.D. W. Va. June 8, 2010). "In other words, the doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted)). "The doctrine does not 'extend to what is at best a garden variety claim of excusable neglect.'" Id. (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

"Generally, equitable tolling will apply only where a plaintiff has actively pursued [his or] her judicial remedies by filing a defective pleading during the statutory period, or was tricked into allowing the sixty-day deadline to pass by some agency misconduct." Reeves, 2014 WL 2573049, at *5 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). "In the Fourth Circuit, equitable tolling is only available when 'extraordinary circumstances beyond [the plaintiff's] control prevented him from complying with the statutory time limit.'" Johnson , 2010 WL 2365527, at *3 (alteration in original) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). "Relief may also be warranted under 'traditional principles of equitable tolling' 'in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party."'" Myers, 2017 WL 6568002, at *1 (internal

---

[4] "Because this limitations period 'is a condition on the waiver of sovereign immunity,' however, it 'must be strictly construed,' and a plaintiff's compliance will be excused only in very rare or exceptional circumstances." Myers, 2017 WL 6568002, at *1 (quoting Bowen, 476 U.S. at 479).

6

citations omitted).

With this backdrop in mind, the undersigned turns to the parties' arguments outlined above.

> **1. Plaintiff Did Not File His Complaint Within Sixty Days of Receiving the Notice of Appeals Council Action**

Defendant argues that Plaintiff did not file his Complaint within sixty days of receiving the Notice of Appeals Council Action denying his request for review. ECF No. 29-1 at 2–4. In response, Plaintiff does not deny or contradict this assertion, see ECF No. 34 at 1–2, nor could he. Indeed, it is clear from the uncontradicted evidence that the Notice of Appeals Council Action, denying Plaintiff's request for review was mailed on November 2, 2016. ECF No. 29-2 at 28–30. Absent a reasonable showing to the contrary, said notice is presumed received within five days of mailing—in this case, November 7, 2016. See 20 C.F.R. § 422.210(c). Accordingly, Plaintiff had until January 6, 2017 (sixty days from November 7, 2016), to seek judicial review of the Commissioner's decision by filing a complaint in federal court. See 42 U.S.C. § 405(g). Here, however, Plaintiff did not file his Complaint until February 3, 2017—twenty-eight days later. ECF No. 1. Because Plaintiff did not file his Complaint by January 6, 2017, the undersigned readily concludes that Plaintiff's Complaint is untimely, but my inquiry does not end here.

> **2. Good Cause Does Not Exist to Equitably Toll the Sixty-Day Statute of Limitations**

Now, the undersigned must determine whether good cause exists to equitably toll the sixty-day statute of limitations. Defendant argues that it does not. ECF No. 29-1 at 4–5. In response, Plaintiff effectively argues that good cause exists because he was out

7

of the country from September to December 2016 and did not see the Notice of Appeals Council Action until his return. ECF No. 34 at 1–2.

As set forth above, "equitable tolling requires a showing of both extraordinary circumstances and due diligence." Johnson, 2010 WL 2365527, at *3. "The doctrine does not 'extend to what is at best a garden variety claim of excusable neglect.'" Id. (quoting Irwin, 498 U.S. at 96). Here, Plaintiff's travel from September to December 2016 to Bucharest, Romania, ECF No. 34 at 1–2, is neither an extraordinary circumstance, nor the requisite due diligence. Indeed, if Plaintiff's international travel was planned, he should have taken steps to have his mail forwarded, or otherwise cared for, with the expectation that he could receive time sensitive documents from the Social Security Administration regarding his claim. If Plaintiff's travel was, by contrast, spontaneous, he should have taken action while overseas to do the same, especially considering the length of his stay.

Many people are often required to travel, even for extended periods of time, throughout the United States and abroad. Regardless of whether for business or pleasure, that travel can hardly be considered an extraordinary circumstance, or circumstances beyond his control, that would justify equitable tolling here. Even if it did, Plaintiff has nevertheless failed to demonstrate how he has exercised the requisite due diligence. The Notice of Appeals Council Action plainly states that Plaintiff (1) had sixty-five days (sixty days plus the five-day mailing presumption) to file a civil action in federal court and (2) could file a written request with the Social Security Administration for an extension of time to file said civil action, if need be. ECF No. 29-2 at 29–30. Despite returning to the U.S. in "late December 2016," ECF No. 34 at 1, Plaintiff made no such

request. Instead, Plaintiff waited until after the January 6, 2017 to visit the local Social Security office to inquire "about the late filing . . . ." ECF No. 34 at 1. A person who waits until after the sixty-day statute of limitations expires to inquire about a late filing is not "pursuing his rights diligently . . . ." Pace, 544 U.S. at 418 (citation omitted). Plaintiff's travel is, at best, a garden variety claim of excusable neglect to which equitable tolling does not apply. See Johnson, 2010 WL 2365527, at *3 ("The doctrine does not 'extend to what is at best a garden variety claim of excusable neglect.'" (quoting Irwin, 498 U.S. at 96)).

Like other courts, I too "understand that dismissing an appeal of an agency action because of one missed court deadline may seem harsh or unfair to a *pro se* plaintiff who 'has pursued this claim for many years through the administrative system.'" Myers, 2017 WL 6568002, at *5 (citations omitted). "But I also must remember that this particular statute of limitations 'involve[s] a waiver of sovereign immunity' which must be construed even more strictly than limitations periods applicable to claims between private litigants." Id. (quoting Irwin, 498 U.S. at 96); see also Reeves, 2014 WL 2573049, at *3 (dismissing a plaintiff's *pro se* complaint filed six weeks late); Hunt v. Astrue, No. 1:10CV141, 2012 WL 6761418, at *2 (M.D.N.C. Dec. 31, 2012) (dismissing a plaintiff's *pro se* complaint filed fourteen days late); Davila v. Barnhart, 225 F. Supp. 2d 337, 338–39 (S.D.N.Y. 2002) (dismissing a counseled plaintiff's complaint filed one day late). Here, Plaintiff's international travel and dilatory conduct, even liberally construed in his favor, simply do not warrant excusing his undisputed failure to file his Complaint within the sixty-day statute of limitations. See Myers, 2017 WL 6568002, at *5; Reeves, 2014 WL 2573049, at *3; Hunt, 2012 WL 6761418, at *3–4.

## IV.     RECOMMENDATION

For the foregoing reasons, I find that Plaintiff's Complaint is untimely. Accordingly, I **RECOMMEND** that Plaintiff's Motion for Summary Judgment [ECF No. 23] be **DENIED**, Defendant's Motion to Dismiss [ECF No. 29] be **GRANTED**, and this case be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. Further, the Court directs the Clerk to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Furthermore, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

    Respectfully submitted this 3rd day of January, 2018.

                                                        */s/ Robert W. Trumble*
                                                        ROBERT W. TRUMBLE
                                                        UNITED STATES MAGISTRATE JUDGE