```
IN THE UNITED STATES DISTRICT COURT
    FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ROBERT THOMAS JOHNSTON,**

    **Plaintiff,**

**v.**                                              **CIVIL ACTION NO. 1:17CV15**
                                                        **(Judge Keeley)**

**NANCY A. BERRYHILL, ACTING**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 35]

**I.**

On February 3, 2017, the <u>pro se</u> plaintiff, Robert Thomas Johnston ("Johnston"), filed a complaint against the defendant, the Commissioner of Social Security ("the Commissioner") (Dkt. No. 1). Johnston sought review of the Commissioner's final decision denying an award of disability insurance benefits from December 19, 2014, to the present. Pursuant to 28 U.S.C. § 636 and the local rules, the matter was referred to the Honorable Robert W. Trumble, United States Magistrate Judge, for initial review.

Although Johnston moved for summary judgment (Dkt. No. 23), on November 20, 2017, the Commissioner moved to dismiss his complaint as untimely (Dkt. No. 29). In a report and recommendation ("R&R") entered on January 3, 2018, Magistrate Judge Trumble recommended that the Court grant the Commissioner's motion (Dkt. No. 35). First, the magistrate judge reasoned that Johnston failed to file his complaint within 60 days of receiving the Commissioner's final

decision, as required by statute. Id. at 7. Second, the R&R concluded that Johnston is not entitled to equitable tolling because he has not established the requisite extraordinary circumstance or due diligence. Id. at 7-9.

The R&R also informed Johnston of his right to "file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections." Id. at 10. It further warned that failure to do so may result in waiver of the right to appeal. Id. The Court received Johnston's timely objections on January 22, 2018 (Dkt. No. 37). In his objections, Johnston does not contest that he filed this case outside the statute of limitations, but rather contends that "good cause does exist" to support equitable tolling. Id. at 1. More particularly, Johnston reasserts his contentions that he was out of the country until 15 days before the statute of limitations expired, and that he exhibited due diligence by contacting the Social Security Administration and Clerk of Court. Id.

## II.

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [parties do] not

object." <u>Dellacirprete v. Gutierrez</u>, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983)). Failure to file specific objections waives appellate review of both factual and legal questions. <u>See</u> <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); <u>see also</u> <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991).

### III.

#### A.

An individual may appeal a final decision of the Commissioner "within sixty days after the mailing to him notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The notice "shall be presumed to be [received] 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). "If the plaintiff successfully rebuts the presumption, the burden shifts to the Commissioner to show that the plaintiff received actual notice of the Commissioner's decision more than sixty days prior to filing the complaint in district court." <u>McMahan v. Barnhart</u>, 377 F. Supp. 2d 534, 535 (W.D. Va. 2005) (citing <u>Matsibekker v. Heckler</u>, 738 F.2d 79, 81 (2d Cir. 1984)).

"Bare allegations of mail service delay are insufficient to rebut the five-day presumption of receipt." Rather, a "reasonable

showing" of late receipt must be supported by affirmative and concrete evidence that "actual receipt occurred more than five days after issuance." Hicks v. Berryhill, No. 7:16-CV-293, 2017 WL 4833512, at *1 (W.D. Va. Aug. 22, 2017) (collecting cases); see also Garcia v. Comm'r of Soc. Sec., 53 F. App'x 192, 194-95 (3d Cir. 2002) (unpublished decision); Wilson v. Astrue, No. 5:06-00486, 2009 WL 2996661, at *4 (S.D.W.Va. Sept. 11, 2009).

Here, the Notice of Appeals Council Action is dated November 2, 2016 (Dkt. No. 29-2 at 3, 28), and Johnston is presumed to have received the notice by November 7, 2016. 20 C.F.R. § 422.210(c). Unless he can make "a reasonable showing to the contrary," Johnston was required to file this action no later than January 6, 2017, well in advance of when he actually filed his complaint on February 3, 2017 (Dkt. No. 1). In his objections, Johnston does not contend that delivery of the notice was delayed, but rather claims that he did not actually review the notice until December 23, 2016, when he returned from a trip to Bucharest, Romania, and reviewed his mail (Dkt. No. 37 at 1). In support, he attached photocopies of his passport tending to prove that he was in Romania from September 23 to December 21, 2016 (Dkt. No. 37-1).

Even if true, Johnston's explanation simply is not "a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). The

Northern District of California addressed a similar circumstance in <u>Alam v. Astrue</u>, where the plaintiff requested a hearing 49 days after expiration of a 60-day deadline. No. C 07-01311 CRB, 2008 WL 2397421, at *1 (N.D. Cal. June 10, 2008). The plaintiff argued that he had not "literally receiv[ed] notice" until he returned from a six-month trip to Bangladesh and reviewed his mail. <u>Id.</u> at *1-*2. The district court rejected this argument, reasoning that "[t]he time limitation does not begin to run when a claimant chooses to read the notice; it begins to run when it is received, that is, delivered to the address provided by the plaintiff." <u>Id.</u> at *2.

Similarly, Johnston's 60-day statute of limitations began to run when the Commissioner's notice was delivered to the address that he provided, not when he decided to review his mail. Johnston has not offered any evidence to rebut the presumption that the notice was delivered to his address by November 7, 2016, within five days of its mailing on November 2, 2016. Because Johnston did not file this case until February 3, 2017, 88 days after he received the notice, Johnston's complaint is not timely.

**B.**

"The filing period in § 405(g) is a nonjurisdictional statute of limitations," which is subject to equitable tolling. <u>Myers v. Berryhill</u>, No. 4:17cv28, 2017 WL 6568002, at *1 (W.D. Va. Nov. 28,

5

2017) (citing Bowen v. City of New York, 476 U.S. 467, 479 (1986)). To establish that he is entitled to equitable tolling, a litigant generally must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). "The doctrine does not 'extend to what is at best a garden variety claim of excusable neglect,' and applies only when circumstances were beyond the plaintiff's control. Johnson v. Astrue, No. 3:09-CV-46, 2010 WL 2365527, at *3 (N.D.W.Va. June 8, 2010) (citing Irwin, 498 U.S. at 96; Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

As fully explained in the R&R, Johnston has not demonstrated that he is entitled to equitable tolling in this case. Johnston's case was pending with the Social Security Administration ("SSA") when he departed for a lengthy trip abroad, but he failed to have mail forwarded or checked in his absence. Moreover, although Johnston actually reviewed the Commissioner's notice before the statute of limitations expired on January 6, 2017, he inexplicably waited until mid-January to contact the SSA and Clerk about filing this case (Dkt. No. 37 at 1). The circumstances that led to Johnston's late filing were not extraordinary; rather, they were

entirely within his control and evince a marked lack of diligence. Because Johnston's conduct "is at best a garden variety claim of excusable neglect," he is ineligible for equitable tolling. See Johnson, No. 3:09-CV-46, 2010 WL 2365527, at *3.

**IV.**

For the reasons discussed, after conducting a de novo review of the R&R and the record, the Court:

1) **OVERRULES** Johnston's objections (Dkt. No. 37);

2) **ADOPTS** the R&R (Dkt. No. 35);

3) **GRANTS** the Commissioner's motion to dismiss (Dkt. No. 29);

4) **DISMISSES** this case **WITH PREJUDICE**; and

5) **DENIES AS MOOT** Johnston's motion for summary judgment (Dkt. No. 23).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both Orders to counsel of record and the pro se plaintiff, certified mail and return receipt requested.

DATED: June 19, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE